# Pottsville Union Traction Co., Appellant, *v.* Public Service Commission (Brady's Application).

*Public Service Commission—Certificate of public convenience— Auto-bus line—Street-railway company.*

The Public Service Commission properly exercises its discretion in granting a certificate of public convenience for the operation of two auto-busses, where the evidence shows that the street railway company opposing the application operated a trolley line between the same termini but over a longer route, and was constructing a new line practically paralleling the highway which was intended to be used by the auto-bus line; that over the existing line the trolley cars carried at rush hours more than twice their

seating capacity; and that there was nothing to indicate that there would be unrestricted competition seriously affecting the trolley company and ultimately harming the public.

Argued March 15, 1917.  Appeal, No. 342, Oct. T., 1916, by Pottsville Union Traction Co., from order of Public Service Commission, Application Docket No. 328, In re Application of Joseph J. Brady.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Application for certificate of public convenience.

*Error assigned* was the order allowing the certificate.

*Otto E. Farquhar,* for appellant.

*Berne H. Evans,* for Public Service Commission.

OPINION BY TREXLER, J., July 13, 1917:

The Public Service Commission approved the application of Joseph J. Brady to operate an auto-bus line between St. Clair and Pottsville, he using one twenty-passenger bus ordinarily and an additional bus when occasion required it.  The Pottsville Union Traction Company operates a trolley line betwen the same termini but over a longer route.  The Pottsville & St. Clair Electric Railway Company is constructing a new trolley line practically paralleling the highway which is intended to be used by the auto-bus line.

The facts are very similar to those in Pottsville Union Traction Company v. Public Service Commission (Moyer's Application) in which we have this day filed an opinion and it will not be necessary to repeat what we have said in that case.

We think the whole matter was within the sound discretion of the Public Service Commission.  There is nothing in the testimony which would indicate that its order is unreasonable or not in conformity to law.  We have

the same evidence to the auto-bus supplying service for the accommodation and convenience of the public. The trolley road against which the opposition of the bus line would be more directly directed as stated above has not yet been constructed. There are promises made that the service will be adequate. As to the Pottsville Union Traction Company now operating over a longer route, it appears that at certain times of the day the cars are overcrowded. The Public Service Commission filed no opinion in the case but we may infer that it considered that a bus line which would relieve the congested condition of travel shown by the cars carrying at rush hours more than twice their seating capacity, was entitled to a certificate of public convenience. It might be unreasonable to require a street car carrier to provide equipment to afford a seat for every passenger on every car and under all circumstances and we do not wish to be understood to state that the mere proof of crowding of cars necessarily entitles a bus line which will render service under such conditions and partially relieve the congestion, to a certificate of public convenience. What we wish to state is that these matters are circumstances which can be considered by the commission and it is not for us to interfere with their finding when there is sufficient evidence to sustain its conclusion. In the case before us there are but two busses to be operated. As we pointed out in the Moyer case, this is merely an introduction of a different method of conveyance and affords the public a choice between two ways of travel. There is nothing in the case which would indicate that there would be unrestricted competition seriously affecting the trolley company and ultimately harming the public. As stated before our duty is merely to examine the record and find whether the order of approval is in conformity to law and reasonable. We find that the discretion given to the Public Service Commission has not been abused and there is nothing which calls for our interference with the order.

The order is affirmed. Appellants for costs.